ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ALEXANDRA SHEPARD (CABN 205143)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6767
    FAX: (415) 436-7234
    alexandra.shepard@hotmail.com

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JUAN LEOPOLDO GARATE AGUIRRE,<br><br>    Defendant. | CASE NO. 20-CR-0460 BLF<br><br>**UNITES STATES' SENTENCING MEMORANDUM**<br><br>Judge: Hon. Beth Labson Freeman<br>Sentencing Date: October 29, 2024<br>Time: 9:00 a.m. |

Defendant Juan Leopoldo Garate Aguirre ("Garate") pled guilty to the sole count in the Superseding Information, which charged him with distributing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The government recommends that the Court impose a below-Guidelines sentence of 60 months in custody, followed by three years of supervised release.

## I.    FACTUAL BACKGROUND

As described in the plea agreement and the Presentence Investigation Report (PSR), Garate sold approximately one kilogram of methamphetamine to co-defendant Jose Rodriguez Naranjo on December 12, 2019. Rodriguez's communications with Garate were captured on a court-ordered wiretap of Rodriguez's phone, and the transactions were surveilled by federal agents. The facts are straightforward. Rodriguez had arranged to sell a kilogram of methamphetamine to a DEA confidential

source ("CS").  When Rodriguez couldn't obtain it from other sources he reached out to Garate.  Rodriguez asked Garate if he still had methamphetamine to sell, Garate confirmed that he did, and said the price would be $3,000 for a kilogram.  Garate and Rodriguez met in a parking lot in San Jose, where Garate provided the methamphetamine to Rodriguez, Rodriguez sold it to the CS for $3,400, and then Rodriguez gave approximately $3,000 to Garate as payment.

Garate admitted for sentencing purposes to distributing a total of 940.1 grams of actual methamphetamine.

## II.   SENTENCING GUIDELINES CALCULATION AND SENTENCING RECOMMENDATION

The government agrees with Probation's calculation of the Sentencing Guidelines.  The Total Offense Level is 29.  With a Criminal History Category of I, the Sentencing Guidelines range is 87-108 months.  Probation recommends a downward variance to 72 months.  In the Plea Agreement, the government agreed to recommend a sentence no higher than the low end of the Guidelines range.  The government recommends a further downward variance to 60 months in custody, followed by three years of supervised release.

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin by calculating the correct sentencing range under the Sentencing Guidelines.  *Id*.  The Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011) (quoting *United States v. Kimbrough*, 552 U.S. 85, 108 (2007)), and the Court should "remain cognizant of them throughout the sentencing process." *United States v. Gall*, 552 U.S. 38, 50 n.6 (2007).  After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991-93.

The Court is well aware of the dangers of methamphetamine, and the seriousness of the offense.  The kilogram of methamphetamine sold by the defendant would have yielded literally thousands of doses had it not been turned over to federal agents by the CS following the transaction.

At the same time, the record does not suggest that the defendant was a regular dealer of methamphetamine or other drugs, much less a regular kilogram-quantity methamphetamine dealer. His one other arrest and conviction was for misdemeanor possession of oxycodone a few months before the transaction charged in this case. PSR ¶ 29. The PSR also describes other mitigating 3553(a) factors. *See* PSR ¶¶ 38-41, 49-53. For example, Garate had a substance abuse problem which he resolved on his own before he was charged in this case. PSR ¶ 46. Garate also appears to have consistently engaged in, or sought to engage in, legitimate work since his arrival in the United States, even after his arrest in this case. PSR ¶¶ 39, 49-53.

For these reasons, a sixty-month sentence is appropriate. It is a significant sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing. It takes into account the seriousness of the offense, would promote respect for the laws of the United States, and should serve as a deterrent to individuals who might be considering a similar detour from an otherwise law-abiding life.

### III. CONCLUSION

The United States respectfully requests that this Court impose a sentence of 60 months' imprisonment, followed by three years of supervised release.

DATED: October 23, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Alexandra Shepard*

ALEXANDRA SHEPARD
Assistant United States Attorney